IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **RORY L. KENT, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO.** |
| | ) | **2:21-cv-00170-ECM-SRW** |
| **BRIAN FALIERO, DBA LVNV/RESURGENT** | ) | |
| **CAPITAL SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS RESURGENT CAPITAL SERVICES, LP AND LVNV FUNDING
LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN
SUPPORT**

Defendants Resurgent Capital Services, LP ("Resurgent") and LVNV Funding LLC ("LVNV") (incorrect identified in the Complaint as the individual "Brian Faliero, DBA LVNV/Resurgent Capital Services") (collectively, "Defendants"), respectfully move this Court for an Order dismissing Pro Se Plaintiff Rory L. Kent, Sr.'s ("Kent") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating as follows:

### I.      INTRODUCTION

Mr. Kent's one-page, two sentence Complaint originally filed in state court alleges that Defendants are "violating the Fair Credit Reporting Act by refusing to remove inaccurate information from my Credit Reports.  Defendant[s] do not have any binding agreement with Plaintiff concerning any accounts reported."  (*See* Compl.)

45116768 v1

The Complaint must be dismissed for two alternative reasons:

(1)     The Complaint fails to comply with the minimum pleading requirements of this Court; and

(2)     Kent fails to properly state a claim under the Fair Credit Reporting Act as:

> (i) Kent has no private right of action under 15 U.S.C. § 1681s–2(a); and
>
> (ii) Kent makes no allegation that any credit reporting agency notified Defendants of a dispute as required by 15 U.S.C. §1681s-2(b).

## II.     PROCEDURAL HISTORY

1.     Kent initiated this lawsuit on or about February 3, 2021 by filing a complaint in the District Court of Montgomery County, Alabama.  (Doc. 1-1, Complaint.)

2.     On February 22, 2021, Defendants properly removed the case to this Court based upon federal question jurisdiction.  (Doc. 1, Notice of Removal.)

## III.     LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient.  *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atlantic Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  While it is true that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), "even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) quotations omitted); *see B.I. v. Montgomery County Board of Education*, 750 F. Supp. 2d 1280, 1282 (M.D. Ala. 2010) (same).

## IV.   ARGUMENT AND CITATION OF AUTHORITY

### A. Kent's Complaint is an improper pleading that does not meet the federal pleading standard and must be dismissed in its entirety.

To avoid dismissal under Rule 12(b)(6), a complaint must contain specific factual matter sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp.*, 550 U.S. at 570).  Under Rule 8's "plain statement" standard, a plaintiff's allegations must give a defendant fair notice of what the claims are and the grounds upon which they rest. *See Bell Atlantic Corp.*, 550 U.S. at 555.  "A pro se

plaintiff is still required to include allegations for each material element of his claims, and bare legal conclusions are insufficient." *Larkins v. Montgomery Cty. Circuit Court*, No. 2:19-CV-281-MHT-WC, 2020 WL 2744116, at *2 (M.D. Ala. Apr. 21, 2020), *report and recommendation adopted*, No. 2:19CV281-MHT, 2020 WL 2739821 (M.D. Ala. May 26, 2020).  Here, Kent's Complaint fails to meet this mark.

In the Complaint, Kent summarily alleges that Defendants are "violating the Fair Credit Reporting Act by refusing to remove inaccurate information from my Credit Reports. Defendant[s] do not have any binding agreement with Plaintiff concerning any accounts reported." (Doc. 1-1)  Rather than comply with Rule 8's pleading requirements, Plaintiff filed an improper "shotgun pleading." *See, e.g., Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 n.2 (11th Cir. 2014) (citing twenty-one published opinions condemning shotgun pleadings).  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (dismissing complaint as a shotgun pleading because there was "no logical connection between the conclusory statements of legal violations and the factual allegations" and because of the complaint's "failure to link factual allegations to specific counts").

District courts have the authority to dismiss complaints on shotgun pleading grounds as part of their inherent authority to control their dockets and ensure the prompt resolution of lawsuits.  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Collier v. Buckner*, 303 F. Supp. 3d 1232, 1240-41 (M.D. Ala. 2018).  As stated by

the United States Supreme Court, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 557).

The entirety of Kent's Complaint is a "pleading that is so . . . ambiguous that it is almost impossible to discern precisely what it is that these [Plaintiffs] are claiming." *See Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997). The Complaint here does not provide Defendants with fair notice of Kent's claim, partly because crucial information is missing. For example, Plaintiff does not allege any relevant specific facts in support of his federal claim, how either defendant has improperly refused to remove the alleged inaccurate information, and what purported actions, if any, were taken by Resurgent as opposed to actions allegedly taken by the co-defendant, LVNV. *See, e.g., Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) (describing a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants" as a "prototypical 'shotgun complaint'"). While it is true that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum*, 148 F.3d at 1263, "this leniency does not

give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Murphy v. SES of Montgomery, LLC*, No. 2:18-CV-815-WKW-JTA, 2020 WL 5511516, at *1 (M.D. Ala. Aug. 17, 2020), *report and recommendation adopted*, No. 2:18-CV-815-WKW, 2020 WL 5503644 (M.D. Ala. Sept. 11, 2020) (citations and quotations omitted).

Aside from alleging that no binding signed agreement exists between Kent and Defendants, without in any way describing any purported actions, Kent fails to advance any allegations connecting Defendants to any purported wrongdoings within the Complaint. Because nothing in the Complaint offers any insight into the connection between Defendants and the allegations of the Complaint, the Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety.

   B. **To the extent Plaintiff has satisfied the federal pleading standard, Plaintiff fails to state a claim under Rule 12(b)(6).**

      1) **Plaintiff fails to state a claim for relief under the Fair Credit Reporting Act ("FCRA").**

The brief allegations in the Complaint relate to Defendants' allegedly refusing to remove inaccurate credit information from Kent's credit reports.  (Doc. 1-1.)  Kent briefly mentions the FCRA, but fails to add any description as to how a violation of the FCRA occurred.  Kent fails to state a claim for relief under the FCRA and his claim must be dismissed.[1]

---

[1] To the extent Plaintiff purports to assert any other claim relating to alleged inaccurate credit reporting or refusal to remove information, those claims are preempted by the FCRA. *See Abbett v. Bank of Am.*, No. 3:04CV 01102 WKW VPM, 2006 WL 581193, at *6 (M.D. Ala. Mar. 8, 2006) (holding that FCRA preempted plaintiff's claims to the extent they sought to establish liability for duties established by FCRA).

"Under the FCRA, furnishers of information have a duty to provide accurate information to consumer reporting agencies, § 1681s–2(a), and a duty to conduct an investigation as to the completeness or accuracy of provided information upon receiving notice of a consumer's dispute from a consumer reporting agency. § 1681s–2(b)." *New v. CitiFinancial Auto Credit, Inc.*, No. 1:10-CV-905-WKW, 2012 WL 2415532, at *3 (M.D. Ala. June 26, 2012). However, "[t]he FCRA does not provide a private right of action to redress a furnisher of information's violation of its duty under § 1681s–2(a)." *New v. CitiFinancial Auto Credit, Inc.*, No. 1:10-CV-905-WKW, 2012 WL 2415532, at *3 (M.D. Ala. June 26, 2012). Thus, to the extent that Kent's Complaint is interpreted to advance a claim that Defendants provided inaccurate information to a Credit Reporting Agency ("CRA"), which Kent fails to even allege in his Complaint, the law is clear that Kent does not have a private right of action under the FCRA. *See Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir.2009) (per curiam ) ("[T]he [FCRA] explicitly bars private suits for violations of [§ 1681s–2(a) ]."); *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir.2008) (per curiam ) (holding that the FCRA does not provide a private right of action to redress a violation of § 1681s–2(a)). Accordingly, Kent's Complaint must be dismissed.

Under Section 1681s-2(b), a furnisher of information is required to conduct an investigation in response to a notice from a CRA that a consumer disputes the accuracy of the furnisher's credit reporting. *See* 15 U.S.C. §1681s-2(b)(1)(A). Here, Kent does not allege that he disputed the allegedly inaccurate information with any CRA, or that Defendants failed to conduct a reasonable investigation into such a dispute. This allegation does not state a claim under the FCRA. "Failure to allege that a furnisher of information received the

requisite notice from a consumer reporting agency will result in dismissal of claims asserted under subsection 1681s-2(b)." *Sevi v. Experian Info. Sols., Inc.*, No. 613CV1433ORL37KRS, 2013 WL 12170584, at *1 (M.D. Fla. Nov. 26, 2013) (dismissing plaintiff's FCRA claims where plaintiff failed to allege defendant received requisite notice); *see Quale v. Unifund CCR Partners*, 682 F. Supp. 2d 1274, 1282 (S.D. Ala. 2010) (dismissing FCRA claims where plaintiff failed to allege that defendant received the statutory notice from a credit reporting agency); *Bosarge v. T-Mobile USA, Inc.*, No. CIV.A. 07-0012-CG-C, 2008 WL 725017, at *3 (S.D. Ala. Mar. 17, 2008) ("There has likewise been no allegation, evidence, or argument that Experian or any other credit reporting agency notified [defendant] of a dispute. Thus, the court finds that summary judgment should be granted in favor of defendant as to plaintiff's FCRA claim.")  Therefore, to the extent Plaintiff asserts an FCRA claim on this basis, it too must be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss and enter an order dismissing all claims asserted against Defendants, with prejudice.

Respectfully submitted this 1st day of March, 2021.

/s/ R. Frank Springfield
R. Frank Springfield (ASB-5196-R81S)
Denzel E. Okinedo (ASB-1195-H21C)

BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
fspringfield@burr.com
dokinedo@burr.com

*Attorneys for Defendants Resurgent Capital
Services, LP and LVNV Funding LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March, 2021, I filed a true and correct copy of the foregoing via the CM/ECF system and also caused a copy of the foregoing to be served via first class U.S. Mail, postage prepaid on the following:

Rory L. Kent, Sr.
400 Millers Creek Drive
Montgomery, Alabama 36117

*/s/R. Frank Springfield*
OF COUNSEL